IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**SHAWNA HESS**                                                                                             **PLAINTIFF**

v.                           **CASE NO.: 5:11-cv-00249KGB**

**CAROL ABELS, Individually, and in her
Official Capacity as an employee of the City of Stuttgart;
TOMMY LAWSON, Individually, and in his Official Capacity
as an employee of the city of Stuttgart, MARIANNE MAYNARD,
Individually, and in her Official Capacity as Mayor of the City
of Stuttgart, and THE CITY OF STUTTGART**        **DEFENDANTS**

## OPINION AND ORDER

Defendants filed a motion to strike (Dkt. No. 26), to which plaintiff Shawna Hess has responded (Dkt. No. 29). Defendants state that, in response to defendants' motion for summary judgment, Ms. Hess relies on and filed with the Court a transcript from her Arkansas Appeal Tribunal hearing (Dkt. No. 23, Ex. A) (hereinafter "Exhibit A"). Defendants contend that Ark. Code Ann. § 11-10-314(a)(2)(A) prohibits the use of Exhibit A in this case. Defendants request that the Court strike Exhibit A from the record in this proceeding.

Ark. Code Ann. § 11-10-314(a) states in pertinent part:

(a)(1) Except as otherwise provided in this section, information obtained by the Director of the Department of Workforce Services from any employing unit or individual pursuant to the administration of this chapter and any determination as to the rights or status or any employer or individual made by the director pursuant to the administration of this chapter shall be held confidential and shall be protected by government privilege.

(a)(2)(A) The information shall not be used in any action or proceeding before any court, administrative tribunal, or body except those created by this chapter unless the Department of Workforce Services is a party, a real party in interest, or a complainant therein or unless the litigation involves criminal actions brought under provisions of this chapter.

Defendants assert that Exhibit A represents information received by the Department of Workforce Services appeal tribunal. *See* Ark. Code Ann. § 11-10-524. Therefore, it is material gathered at the tribunal hearing and falls within the category of "information obtained by the Director of the Department of Workforce Services" and is covered by the privilege. Ark. Code Ann. § 11-10-314(a)(1). The language of 11-10-314(a)(2)(A) is plain and unambiguous: "the information shall not be used. . . . "

In response, Ms. Hess cites Federal Rule of Evidence 501 which provides:

The common law – as interpreted by United States courts in the light of reason and experience governs a claim of privilege unless any of the following provides otherwise:

- the United States Constitution;
- a federal statute; or
- rules prescribed by the Supreme Court.

But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.

Fed. R. Evid. 501.

The Court grants in part and denies in part defendants' motion. Ms. Hess asserts claims in this case under both federal and state law, although federal law generally supplies the rule of decision for the majority of her claims. The Court is inclined to recognize the privilege set forth in the state statute, especially given its clear and unambiguous language.

The Supreme Court has cautioned, however, that privileges "contravene the fundamental principle that the public . . . has a right to every man's evidence." *University of Pennsylvania v. EEOC,* 493 U.S. 182, 189 (1990)(quoting *Trammel v. United States,* 445 U.S. 40, 50 (1980)). Further, the Court notes that the testimony in the hearing transcript presented as Exhibit A was given under oath or penalty of perjury at a hearing by witnesses who likely will be witnesses in this case. Therefore, the Court will permit use of portions of the testimony in Exhibit A

consistent with Rule 801(d)(1) of the Federal Rules of Evidence. The Court understands based on the parties' summary judgment briefing that Ms. Hess relies on portions of the testimony in Exhibit A because she perceives it as inconsistent with the deposition testimony given by those same witnesses in this case. The Court will not strike those portions of the testimony in Exhibit A offered by Ms. Hess for this purpose or offered by either party under Rule 801(d)(1). With this exception, the Court recognizes the privilege and will not permit other use of Exhibit A.

SO ORDERED this 6th day of September, 2012.

*Kristine G. Baker*
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE